09-1773-cv
In Re: Axonyx Securities Litigation

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of March, two thousand ten.

PRESENT:
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*,
> DENNY CHIN,
> > *District Judge*.[1]

---

City of Dearborn Heights Act 345 Police & Fire R, Paul Lichtman, Steve O'Brien, Robert Yasuhira,

> *Lead-Plaintiffs-Appellants*,

Vincent W. Lee, On Behalf of Himself and All Others Similarly Situated, John Pifer,

> *Plaintiffs*,

Alois Guy Bisschops, individually and on behalf of all others similarly situated, Wyma Jean Econ, on behalf of herself and all others similarly situated, Aviva Partners, LLC, individually and on behalf of all others similarly situated, Thomas Jordan, on behalf of himself and all others similarly situated, Rami Rao, on behalf of himself and all others similarly situated, Ilene Amour, individually and on behalf of all others similarly situated, Trevor I. Briede, on behalf of himself and all others similarly situated,

> *Consolidated-Plaintiffs*,

> v.                                                       Docket Number: 09-1773-cv

---

[1] The Honorable Denny Chin, United States District Judge for the Southern District of New York, sitting by designation.

Axonyx, Inc., Marvin S. Hausman, Gosse B. Bruinsman,

*Defendants-Appellees*,

S. Colin Neill,

*Consolidated-Defendant.*

_____

FOR APPELLANT:   SUSAN K. ALEXANDER (Sanford Svetcov, Samuel H. Rudman, Evan J. Kaufman, *on the brief*); Coughlin Stoia Geller Rudman & Robbins LLP; San Francisco, CA.

FOR APPELLEE:    MAY ORENSTEIN (Sigmund S. Wissner-Gross, *on the brief*); Brown Rudnick LLP; New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Griesa, J.).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiffs-Appellants appeal from the district court's opinion and order dismissing their complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

We review *de novo* a district court's dismissal for failure to state a claim. *S. Cherry St., LLC v. Hennessee Group LLC*, 573 F.3d 98, 103 (2d Cir. 2009). We also assume all well-pleaded factual allegations are true and, applying that assumption, determine whether complainants are entitled to relief. *Id.* at 104; *see also ECA, Local 134 IBEW Joint Pension Trust of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 196 (2d Cir. 2009). "Any complaint alleging securities fraud must satisfy the heightened pleading requirements of the [Private Securities Litigation Reform Act

(the "PSLRA")] and Fed. R. Civ. P. 9(b) by stating with particularity the circumstances constituting fraud." *Id.* (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007)). Even though "'we normally draw reasonable inferences in the non-movant's favor on a motion to dismiss,' the PSLRA 'establishes a more stringent rule for inferences involving scienter' because the PSLRA requires particular allegations giving rise to a strong inference of scienter." *Id.* (quoting *Teamsters Local 445 Freight Div. Pension Fund v. Dynex Capital Inc.*, 531 F.3d 190, 194 (2d Cir. 2008)); *see also Tellabs*, 551 U.S. at 314 ("To qualify as 'strong' within the intendment of [the PSLRA], we hold, an inference of scienter must be more than merely plausible or reasonable-it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent.").

Section 10(b) of the Securities Exchange Act of 1934 makes it illegal "for any person, directly or indirectly, . . . [t]o use or employ . . . any manipulative or deceptive device" in connection with a sale or purchase of securities. 15 U.S.C. § 78j. Its corollary, Rule 10b-5, makes it illegal "[t]o make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading." 17 C.F.R. § 240.10b-5(b).

The appellants argue that Axonyx and the individual appellees violated § 10(b) and Rule 10b-5 by presenting artificially positive statements about the first Phase III trial of the Alzheimer's drug Phenserine. The purpose of these statements, appellants allege, was to inflate the stock price of Axonyx in order to profit Axonyx's owners to the detriment of the stockholders. The district court determined, however, that appellants failed to allege sufficient specific facts to state a claim that appellees purposely misled investors regarding Phenserine and the likelihood it would be successful as a drug to treat Alzheimer's. In particular, the complaint failed to raise a strong inference of scienter on the part of the defendants. We agree.

3

Although appellants argue that, rather than accepting the arguments as true, Judge Griesa dismissed the complaint because he was skeptical of them, his opinion states clearly that "the court will accept as true the allegations about defects in the Phase III trials." The decisive point for Judge Griesa remained "that there [wa]s no sufficient pleading of scienter regarding the so-called defects" in the Phase III trial. As Judge Griesa noted throughout his decision, appellants rely on opinions of confidential witnesses to support their allegations, but they fail to offer any factual underpinnings for those opinions. Ultimately, Judge Griesa determined, and we agree, that any inference in the complaint of scienter is less compelling that any opposing inference that Axonyx's trial of Phenserine was merely unsuccessful. *See Tellabs*, 551 U.S. at 314.

After reviewing the issues on appeal and the record of proceedings below, we affirm for substantially the reasons articulated by the district court in its thoughtful and well-reasoned order and opinion.

Accordingly, the judgment of the district court is **AFFIRMED.**


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4